MOORE *v.* FEDERAL DEPARTMENT STORES, INC.

1. WORKMEN'S COMPENSATION—EXCLUSIVITY—STATUTES.
   Workmen's compensation benefits are the exclusive remedy where an employee's injury is within the scope of the Workmen's Compensation Act (MCLA § 411.4).

2. WORKMEN'S COMPENSATION—SCOPE OF STATUTE.
   The Workmen's Compensation Act encompasses physical and mental injuries which arise out of and in the course of employment (MCLA § 411.1).

3. WORKMEN'S COMPENSATION—SCOPE OF STATUTE—FALSE IMPRISONMENT.
   An employee's action for false imprisonment against her employer is not within the scope of the Workmen's Compensation Act, because the gist of a false imprisonment action is unlawful detention, irrespective of any physical or mental harm (MCLA § 411.4).

4. WORKMEN'S COMPENSATION—SCOPE OF STATUTE—INJURIES NOT COVERED—EXCLUSIVITY OF STATUTE.
   The Workmen's Compensation Act does not bar suit against employers for injuries not compensable under the Act; injuries which are outside of the scope of the Act may be sued upon by means of common-law tort actions (MCLA § 411.4).

5. FALSE IMPRISONMENT—WORKMEN'S COMPENSATION ACT—EXCLUSIVITY OF STATUTE.
   An employee's injuries caused by being falsely imprisoned by her employer are not the type of injuries covered by the Workmen's Compensation Act; the employee may seek damages against her employer through a common-law tort action (MCLA § 411.4).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 58 Am Jur, Workmen's Compensation § 64 *et seq.*
[2] 58 Am Jur, Workmen's Compensation § 209 *et seq.*
[3, 4] 58 Am Jur, Workmen's Compensation § 51.

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 April 8, 1971, at Detroit. Decided May 19, 1971. Leave to appeal denied, 385 Mich 784.

Complaint by Eileen Moore by her next friend, Virginia Moore, against Federal Department Stores, Inc., her employer, and against Daniel Malley, a supervisor for Federal, for false imprisonment. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded for trial.

*Sol E. Goldberg,* for plaintiff.

*Alexander, Buchanan & Conklin* (by *James S. Goulding*), for defendants.

Before: Lesinski, C. J., and V. J. Brennan and Danhof, JJ.

V. J. Brennan, J. From a grant of defendants' motion for summary judgment[1] in an action to recover damage for false imprisonment, plaintiff appeals.

Plaintiff was, at all times relevant hereto, an employee of Federal Department Stores. On November 3, 1968, an "honesty shopper" in the employ of Federal's made a test shop at plaintiff's counter to see if all monies received by plaintiff were being properly recorded and deposited in the cash register. The honesty shopper reported that plaintiff recorded a $5.20 sale as a "no sale" on the cash register. Plaintiff alleged that thereafter she was unjustly accused of dishonesty and was detained for questioning by store officials. It was later established that no money was missing from the register.

---

[1] GCR 1963, 117.

Plaintiff commenced suit against her employer and supervisor, claiming that she was falsely imprisoned and deprived of her liberty. Damages in the amount of $100,000 were sought to compensate plaintiff for her humiliation, embarrassment, and nervous stress. Defendants moved for summary judgment on the ground that the Workmen's Compensation Act[2] (hereinafter referred to as the "Act") provided the exclusive remedy for the alleged injury. The court agreed and granted defendants' motion.

The sole issue on appeal is whether there is anything in the Act which forbids an employee from suing her employer for damages as a result of false imprisonment.

Plaintiff makes a two-pronged argument: first, she claims that the injury she suffered is not within the purview of the Act; second, she claims that since the injury is not compensable under the Act, she may sue her employer because the Act was not intended to take rights away from an employee without replacing them with other rights.

At the outset we note that where an employee's injury is within the scope of the Act, workmen's compensation benefits are the exclusive remedy. MCLA § 411.4 (Stat Ann 1968 Rev § 17.144); *Ladner v. Vander Band* (1965), 376 Mich 321. The Act defines the conditions of employer's liability as follows:

"An employee, who receives a personal injury arising out of and in the course of his employment by an employer who is at the time of such injury

---

[2] MCLA § 411.1 (Stat Ann 1968 Rev § 17.141). After the start of this litigation the Act was revamped and new section numbers were assigned. For appropriate cross-reference see the tables following MCLA 1971 Cum Supp § 411.1, and Stat Ann 1971 Cum Supp §§ 17.6(1)—17.6(33).

subject to the provisions of this act, shall be paid compensation in the manner and to the extent hereinafter provided, or in case of his death resulting from such injuries such compensation shall be paid to his dependents as hereinafter defined." MCLA § 412.1 (Stat Ann 1968 Rev § 17.151).

It is plaintiff's claim that her humiliation, embarrassment, and deprivation of personal liberty are not the type of "personal injury" contemplated in the above-quoted section. We agree.

The Act has been interpreted to encompass physical[3] and mental[4] injuries which arise out of and in the course of one's employment. However, the gist of an action for false imprisonment is unlawful detention irrespective of any physical or mental harm. See *Carr* v. *National Discount Corporation* (CA 6, 1949), 172 F2d 899; *cert den* 338 US 817 (70 S Ct 59, 94 L Ed 495). We do not feel, therefore, that the plaintiff has suffered the type of personal injury covered under the Act. Having decided that plaintiff's injury is not compensable under the Act, we must now determine whether the plaintiff is nevertheless barred from bringing her common-law action. It used to be the law in Michigan that no action apart from the Act could be brought against an employer even though no remedy was provided under the Act. See *Thomas* v. *Parker Rust Proof Co.* (1938), 284 Mich 260. This surprising result flowed from an interpretation of CL 29, § 8410, which provided:

"Any employer who has elected, with the approval of the industrial accident board hereinafter created, to pay compensation as hereinafter provided, shall not be subject to the provisions of section one; *nor shall such employer be subject to any other*

---

[3] *Marman* v. *Detroit Edison Co.* (1934), 268 Mich 166.
[4] *Carter* v. *General Motors Corporation* (1960), 361 Mich 577.

*liability whatsoever,* save as herein provided for the death of or personal injury to any employe, for which death or injury compensation is recoverable under this act, except as to employes who have elected in the manner hereinafter provided not to become subject to the provisions of this act." (Emphasis supplied).

This statute, however, was amended to provide:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer." MCLA § 411.4 (Stat Ann 1968 Rev § 17.144).

We feel that the Legislature intended by this amendment to put Michigan in harmony with the great weight of authority[5] to the effect that workmen's compensation acts do not bar suits against employers for injuries not compensable under the acts. Injuries which are outside the conditions of liability of the Act may be sued upon by means of a common-law tort action. See *Markham* v. *Pittsburgh Plate Glass Company* (WD Mich, 1969), 299 F Supp 240.

In the case at bar, we hold that since the plaintiff's injury is not the type of injury contemplated in MCLA § 412.1, plaintiff was not barred from bringing the present suit.

For the foregoing reasons, the summary judgment granted in the lower court is reversed and the cause remanded for a trial on the merits.

Reversed and remanded.

All concurred.

---

[5] See 121 ALR 1143; 100 ALR 519.