STIMSON v MICHIGAN BELL TELEPHONE COMPANY

1. MOTIONS—SUMMARY JUDGMENT—PLEADING—JURISDICTION—COURT RULES.

A motion for summary judgment tests the legal sufficiency of a claim as determined by the pleadings alone; every well-pleaded allegation in the complaint is assumed to be true and the motion should be granted where a plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. WORKMEN'S COMPENSATION—PROOF OF INJURY—EXCLUSIVE REMEDY —MENTAL AND PHYSICAL INJURIES—STATUTES.

The right to compensation under the Workers' Disability Compensation Act is dependent upon proof of a personal injury arising out of and in the course of employment by an employer who is subject to the provisions of the act; it is an employee's exclusive remedy against the employer and encompasses mental as well as physical injuries (MCLA 418.131, 418.301; MSA 17.237[131], 17.237[301]).

3. WORKMEN'S COMPENSATION—NON-PHYSICAL TORTS—EXCLUSIVE REMEDY PROVISION—APPLICABILITY—DAMAGES.

Generally, non-physical torts such as false imprisonment or sex discrimination fall outside of the exclusive-remedy provision of the workmen's compensation law.

4. WORKMEN'S COMPENSATION—CIVIL ACTIONS—EXCLUSIVE REMEDY PROVISION—RECOVERY—BAR TO RECOVERY.

A civil action against an employer is not barred completely because a workman's alleged injuries are those within the coverage of the Workers' Disability Compensation Act; recovery is merely precluded for the injuries covered under the act.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 1.
[2, 4] 81 Am Jur 2d, Workmen's Compensation § 50.
[3] 81 Am Jur 2d, Workmen's Compensation §§ 50, 57.
[5] 82 Am Jur 2d, Workmen's Compensation §§ 301, 302.

5. WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY PROVISION—MENTAL INJURIES—TRIAL ON MERITS—STATUTES.

Claims for mental injuries and for violation of civil rights by any employee against his employer can be separated; mental injury is a disabling condition for which compensation is available under the Workers' Disability Compensation Act but the act provides no remedy for violations of civil rights and a plaintiff is entitled to a trial on the merits for damages because of violation of his civil rights (MCLA 418.131; MSA 17.237[131]).

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted April 20, 1977, at Detroit. (Docket No. 27474.) Decided August 9, 1977.

Complaint by H. Richard Stimson and Carol A. Stimson against Michigan Bell Telephone Company, seeking compensatory and punitive damages resulting from sexual discrimination in employment. Defendant's motion for partial summary judgment and/or to strike portions of plaintiffs' complaint denied. Defendant appeals by leave granted. Reversed and remanded.

*Philo, Cockrel, Spearman, Cooper, Rine, King & Atkinson* (by *Linda Miller Atkinson* and *Connye Y. Harper*), for plaintiffs.

*Butzel, Long, Gust, Klein & VanZile* (by *Donald B. Miller* and *Robert A. Bloom*), for defendant.

Before: V. J. BRENNAN, P. J., and D. F. WALSH and J. N. O'BRIEN,* JJ.

PER CURIAM. Defendant appeals from an order of the Wayne County Circuit Court denying its motion for partial summary judgment and/or to strike portions of plaintiffs' complaint.

* Circuit judge, sitting on the Court of Appeals by assignment.

On July 9, 1974, plaintiffs[1] filed suit pursuant to the Michigan fair employment practices act, MCLA 423.301 *et seq.; MSA* 17.458(1) *et seq.* (hereinafter, the "FEPA"), and the United States and Michigan Constitutions, charging defendant with discriminating against her, on the basis of sex, as to grade and wage promotions and her eventual discharge. Plaintiff alleged that because of such discrimination, she suffered an acute nervous breakdown, required hospitalization, was unable to secure employment, and experienced embarrassment, humiliation and a loss of esteem among her peers because of her inability to support herself. Mr. Stimson alleged that he suffered a loss of consortium due to his wife's injuries. Plaintiffs sought back pay, future pay and compensatory and punitive damages.

Plaintiff, on August 28, 1974, also filed a petition with the Bureau of Workmen's Compensation seeking relief for a "complete and acute nervous and mental breakdown".

On January 10, 1975, defendant moved for summary judgment on the basis that workers' disability benefits constituted plaintiff's sole remedy for the injuries alleged. The motion was denied. Thereafter, on May 15, 1975, defendant moved for partial summary judgment and/or to strike certain elements of damages for which recovery was sought. Defendant argued that claims for plaintiff's nervous breakdown, embarrassment, humiliation and loss of esteem among her peers, and Mr. Stimson's loss of consortium, were barred by the exclusive remedy provision of the Workers' Disability Compensation Act. MCLA 418.131; MSA 17.237(131). The company further contended that

---

[1] Throughout this opinion, "plaintiff", singular refers to Carol A. Stimson alone.

neither compensatory damages for mental distress nor punitive damages were recoverable under the fair employment practices act. The motion was denied on October 17, 1975. In an order dated June 1, 1976, this Court granted leave to appeal. On appeal, defendant renews the claims made in its motion for partial summary judgment and/or to strike.[2]

A motion for summary judgment brought pursuant to GCR 1963, 117.2(1) tests the legal sufficiency of the claim as determined by the pleadings alone. Every well-pleaded allegation in the complaint is assumed to be true. The motion is to be granted when the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Stewart v Troutt,* 73 Mich App 378; 251 NW2d 594 (1977), *Mobil Oil Corp v Thorn,* 67 Mich App 682; 242 NW2d 487 (1976), *lv granted* 397 Mich 889 (1976).

MCLA 418.131; MSA 17.237(131) provides:

"The right to the recovery of benefits as provided in

---

[2] A redemption agreement covering plaintiff's claim for disability benefits was entered into by the parties and approved by a hearing referee during the pendency of this appeal. According to the parties at oral argument, the issue of whether plaintiffs' civil action is barred by MCLA 418.131; MSA 17.237(131) was expressly reserved at the redemption hearing for determination by the circuit court.

An employer may redeem its liability under the act subject to the approval of a hearing referee. MCLA 418.835; MSA 17.237(835). At a redemption hearing, the referee passes on the propriety of the redemption rather than the legitimacy of the claim. *Farrell v Campbell, Wyant & Cannon Foundry Co,* 392 Mich 344; 220 NW2d 450 (1974). Voluntary compromises under the first sentence of MCLA 418.835; MSA 17.237(835) are final settlements of an employer's liability under the act and foreclose a determination of whether a claimant's disabilities arose out of and in the course of employment. *White v Weinberger Builders, Inc,* 49 Mich App 430; 212 NW2d 307 (1973), *aff'd* 397 Mich 23; 242 NW2d 427 (1976). *See, Wehmeier v W E Wood Co,* 377 Mich 176; 139 NW2d 733 (1966). The parties may, however, settle any part of the controversy by a redemption agreement and leave other issues for further litigation. *Bugg v Fairview Farms, Inc,* 385 Mich 338; 189 NW2d 291 (1971).

this act shall be the employee's exclusive remedy against the employer."

The right to compensation under the Workers' Disability Compensation Act is dependent upon proof of a "personal injury arising out of and in the course of employment by an employer who is subject to the provisions" of the act. MCLA 418.301; MSA 17.237(301). Mental, as well as physical, injuries are encompassed within the terms of the act. *Carter v General Motors Corp,* 361 Mich 577; 106 NW2d 105 (1960).

In support of their contention that their complaint states a cause of action outside the scope of the Workers' Disability Compensation Act plaintiffs rely heavily on *Moore v Federal Department Stores, Inc,* 33 Mich App 556; 190 NW2d 262; 46 ALR3d 1275 (1971).

In *Moore,* the plaintiff, a department store sales clerk, was unjustly accused of taking money from a register by store officials and was detained for questioning. She subsequently commenced an action against her employer for false imprisonment, seeking, in part, to recover damages for humiliation, embarrassment and emotional stress. The defendant moved for summary judgment arguing that workers' compensation constituted the plaintiff's sole remedy. The motion was granted, plaintiff appealed and this Court reversed, stating:

"It is plaintiff's claim that her humiliation, embarrassment, and deprivation of personal liberty are not the type of 'personal injury' contemplated in the above-quoted section. We agree.

"The Act has been interpreted to encompass physical and mental injuries which arise out of and in the course of one's employment. However, the gist of an action for false imprisonment is unlawful detention

irrespective of any physical or mental harm. See *Carr v National Discount Corporation* (CA 6, 1949), 172 F2d 899; *cert den* 338 US 817 (70 S Ct 59, 94 L Ed 495). We do not feel, therefore, that the plaintiff has suffered the type of personal injury covered under the Act." *Moore v Federal Department Stores, Inc, supra,* at 559. (Footnotes omitted.)

Defendant argues that *Moore* is distinguishable from the case at bar because the essence of plaintiffs' suit is the mental injury suffered by Mrs. Stimson which injury is compensable under the act. Plaintiffs contend that the rationale of our earlier decision directly controls the present case. This Court finds the distinction noted by the defendant to be a valid one.

Generally, non-physical torts, such as false imprisonment or sex discrimination,[3] fall outside the scope of an exclusive-remedy provision. 2A Larson, Workmen's Compensation Law, § 68.30, pp 13.31–13.32. Certain elements of damages in an action for a non-physical tort may nevertheless be barred in this state because the type of damages claimed are those for which workers' compensation is provided.

In *Milton v Oakland County*, 50 Mich App 279; 213 NW2d 250 (1973), the plaintiff commenced suit

---

[3] MCLA 423.301; MSA 17.458(1) provides:

"The opportunity to obtain employment without discrimination because of race, color, religion, national origin, sex, age or ancestry is hereby recognized as and declared to be a civil right."

A "tort" is broadly defined as "a private or civil wrong or injury". Black's Law Dictionary, p 1660. It consists of the existence of a legal duty owed the plaintiff by the defendant, breach of the duty, a proximate causal relationship between the breach and plaintiff's injury, and damages. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972), *Churchill v Howe,* 186 Mich 107; 152 NW 989 (1915). A civil damage action based on the alleged violation of a plaintiff's civil rights is in the nature of a tort action. *Anderson v Pantages Theater Co,* 114 Wash 24; 194 P 813 (1921); 14 CJS, Civil Rights, § 217, p 361.

against his employer alleging physical and mental injuries and damages resulting from the defendant's breach of the employment contract. The defendant moved for summary judgment on the basis of the exclusive-remedy provision which motion was granted. On appeal, this Court held that while workers' compensation constituted the plaintiff's exclusive remedy for his mental and physical injuries, he was entitled to a trial on the breach of contract claim.

"Our courts have found the exclusive-remedy bar inapplicable when the challenged injury is not sustained in the course of the employment or the injury is not compensable under the act. *Crawley v General Motors Truck Corp,* 259 Mich 503; 244 NW 143 (1932); *Byrne v Clark Equipment Co,* 302 Mich 167; 4 NW2d 509 (1942); and *Moore v Federal Department Stores, Inc,* 33 Mich App 556; 190 NW2d 262 (1971); *Panagos v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971)." *Milton v Oakland County, supra,* at 284.

Also, *Haddad v Justice,* 64 Mich App 74; 235 NW2d 159 (1975).

Admittedly, plaintiffs in the present case, like the plaintiff in *Moore,* state a cause of action which exists irrespective of mental or physical injury. The elements of the tort, however, do not alone control the issue of whether a separate civil action against an employer is permissible or the extent to which damages may be recovered.

In analyzing the *Moore* decision, Professor Larson comments:

"If all the cases were as 'pure' in their facts as this Michigan case, there would be little controversy to discuss. What complicates this category of cases is that personal injury is sometimes alleged as one of the

consequences of the false imprisonment. In this type of case, unless the court can * * * find true intentional wrongdoing on the part of the employer, the controlling argument must be that the essence of the tort is not physical injury but deprivation of liberty, and that the physical or mental harm is incidental, and is not an indispensable ingredient of the tort." 2A Larson, Workmen's Compensation Law, § 68.31, p 13.21. (Footnote omitted.)

Professor Larson theorizes, however, that where an employee suffers a physical and mental breakdown as the result of being falsely imprisoned, which imprisonment is accidental insofar as the employer is concerned, a civil action based on the incident is barred. The essence of the action is no longer humiliation but physical disability, the type of injury with which compensation laws are concerned.

Subsequently, in discussing the tort of intentional infliction of emotional distress, a tort closely related to a discrimination charge, see, *e.g.*, *Gray v Serruto Builders, Inc,* 110 NJ Super 297; 265 A2d 404 (1970), Larson states that not only must the elements of the tort be examined in order to determine whether suit is barred by the exclusive-remedy provision, but also the damages claimed.

"If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recovery for physical injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort." 2A Larson, Workmen's Compensation Law, § 68.34, pp 13.31–13.32.

See, also, 46 ALR3d 1279, 1283–1284.

As previously noted, the courts of this state do not bar a civil action against an employer completely because several of the injuries alleged are those within the coverage of the compensation act. Instead, recovery is merely precluded for the injuries covered under the compensation act. *Milton v Oakland County, supra.*

Plaintiffs' complaint in the present case alleges a cause of action which generally concerns a type of injury outside the scope of the Workers' Disability Compensation Act. The mental injuries allegedly suffered by plaintiff, however, are not merely incidental to the violation of her civil rights. They culminated in a disabling condition for which compensation was available.[4] Plaintiffs' ability to recover for Mrs. Stimson's nervous breakdown, embarrassment, humiliation and loss of esteem among her peers, therefore, is barred by MCLA 418.131; MSA 17.237(131).[5] Plaintiff's discharge and her inability to obtain grade and wage promotions, however, if proven to have resulted from sexual discrimination, are injuries for which the act provides no remedy. With regard to these injuries, plaintiff is entitled to a trial on the merits.

Given our decision, we need not address the other issue raised by the defendant.

The order of the circuit court denying defendant's motion for partial summary judgment is reversed and the case remanded for further proceedings consistent with this opinion.

Costs to appellant.

---

[4] The allegations contained in plaintiffs' complaint establish the fact that Mrs. Stimson's injuries arose out of and in the course of employment. Generally, *Whetro v Awkerman,* 383 Mich 235; 174 NW2d 783; 42 ALR3d 375 (1970), *Deziel v Difco Laboratories, Inc,* 394 Mich 466; 232 NW2d 146 (1975).

[5] Mr. Stimson's claim for loss of consortium is similarly barred. *Haddad v Justice,* 64 Mich App 74; 235 NW2d 159 (1975).