Jessie M. SCHROEDER, Plaintiff,

v.

DAYTON–HUDSON CORPORATION, a Foreign Corporation, doing business in Michigan under the assumed name J. L. Hudson Company, Defendant.

Civ. No. 75–71935.

United States District Court, E. D. Michigan, S. D.

June 30, 1978.

See also, D.C., 456 F.Supp. 650.

David Melkus, Flint, Mich., for plaintiff.

Timothy K. Carroll, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for defendant.

OPINION AND ORDER GRANTING DE-
FENDANT'S MOTION TO DISMISS
INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS CLAIM

CORNELIA G. KENNEDY, Chief Judge.

In its August 19, 1977 opinion, granting in part and denying in part the defendant's motion to dismiss, the court asked both parties for supplemental briefs directed to the question of the exclusivity of the Workers' Disability Compensation Act for injuries resulting from the intentional infliction of mental distress. The plaintiff alleged that her injuries arose as a result of discrimination based either on sex and/or age. The parties have now submitted briefs and have brought to the Court's attention the recent case of *Stimson v. Bell Telephone Co.*, 77 Mich.App. 361, 258 N.W.2d 227 (1977). That case, which involves sex discrimination, presents substantially the same issues as does the case here.

The Michigan Supreme Court has consistently held that mental as well as physical injuries are within the ambit of the Workers' Compensation Act. *See, e. g., Deziel v. Difco Laboratories, Inc.*, 394 Mich. 466, 232 N.W.2d 146 (1975); *Carter v. General Motors, Inc.*, 361 Mich. 577, 106 N.W.2d 105 (1960). However, the courts have been struggling with the problem of which injuries are within the scope of its exclusive remedy provision, Mich.Comp.L.Ann. § 418.-131, and therefore bar an alternate civil suit. In *Stimson* the court suggested that it is important to look at the sort of damages claimed rather than at the elements of the tort to determine where that provision applies, *Stimson, supra,* 77 Mich.App. at 367–68, 258 N.W.2d 227. If the resulting damage is of a type covered by the act, then that is the complainant's exclusive remedy. *Id.* Essentially, the court stated, the provision operates not in derogation of the right but rather to bar the remedy. *Id.* at 369, 258 N.W.2d 227. The Michigan Court of Appeals held that discrimination, although not the sort of injury generally contemplated by the act, can give rise to an injury which is covered. *Id.* at 366, 258 N.W.2d 227. When this is the case, as it is here, the exclusive-remedy provision operates to bar recovery for those aspects of injury resulting from discrimination which are within the act.

Therefore, the plaintiff's only remedy for her mental and physical disabilities is the Workers' Compensation Act, and she is precluded from maintaining this civil action with respect to her claim for intentional infliction of emotional distress.