BROADDUS v FERNDALE FASTENER DIVISION, RING SCREW
WORKS

Docket No. 77-2299. Submitted May 9, 1978, at Detroit.—Decided July
6, 1978. Leave to appeal denied, 403 Mich —.

Edward Broaddus was injured in the course of his employment
with Ferndale Fastener Division, Ring Screw Works, and re-
ceived workmen's compensation benefits from Ferndale Fasten-
er's workmen's compensation insurer, Fireman's Fund Insur-
ance Company. Eighteen months later Fireman's Fund discon-
tinued payment of benefits, and Broaddus filed a claim for
restoration of benefits and also filed an insurance claim against
Connecticut General Life Insurance Company, the insurer
which covered Ferndale Fastener's employees for non-work-re-
lated accidents and illness. A settlement was reached wherein
Fireman's Fund renewed payment of benefits. Broaddus, and
his wife Alice Broaddus, then filed suit against Ferndale Fas-
tener, Fireman's Fund and Connecticut General, seeking dam-
ages and alleging that Ferndale Fastener and Fireman's Fund
intentionally and wrongfully acted in collusion to deprive Bro-
addus of benefits due him, and that Connecticut General wrong-
fully failed to provide benefits under its contract. The Oakland
Circuit Court, Robert B. Webster, J., granted motions for sum-
mary judgment in favor of all three defendants. Plaintiffs
appeal. *Held:*

1. The summary judgment in favor of Connecticut General
was proper. The plaintiffs' complaint alleged that the injury
occurred in the course of Mr. Broaddus' employment, and the
Connecticut General insurance contract specifically excluded
work-related injuries. Therefore, there could be no breach of
the contract.

2. The summary judgments against Ferndale Fastener and
Fireman's Fund were improper. The exclusive remedy provision
of the Worker's Disability Compensation Act does not bar an
action for the intentional tort of acting in collusion to deny
benefits for a compensable injury where the damages alleged

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance § 1162.
[2] 81 Am Jur 2d, Workmen's Compensation § 76.

are not for the compensation benefits required to be paid but rather for emotional distress caused by the alleged intentional and wrongful denial of the compensation benefits.

Affirmed in part, reversed in part, and remanded.

1. Insurance—Contracts—Breach of Insurance Contract—Judgment—Summary Judgment.

A suit for intentional breach of an insurance contract requires that the contract in fact mandates that benefits be paid; summary judgment in favor of an insurer was therefore proper where a plaintiff's complaint alleged that his injury occurred in the course of his employment and the insurance contract specifically excluded work-related injuries.

2. Workmen's Compensation—Exclusive Remedy—Bar to Suit—Emotional Distress—Statutes.

The exclusive remedy provision of the Worker's Disability Compensation Act does not bar a suit by an injured employee against his employer and the employer's insurer for wrongfully acting in collusion to deprive the plaintiff of workmen's compensation benefits where the suit is instituted after the insurer discontinued paying workmen's compensation benefits to the employee and where the damages alleged are not for the compensation benefits required to be paid but rather for emotional distress caused by the alleged intentional and wrongful denial of the compensation benefits (MCL 418.131; MSA 17.237[131]).

*Hazen, Clark & Knight, P. C.,* for plaintiffs.

*Hyman, Gurwin, Nachman, Friedman & Winkelman* (by *Royce Baum, Jr.),* and *Joselyn, Rowe, Jamieson & Grinnan, P. C.,* for Ferndale Fastener Division, Ring Screw Works.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *William P. Hampton),* for Fireman's Fund Insurance Company.

*Miller, Canfield, Paddock & Stone* (by *Wolfgang Hoppe* and *Jerome R. Watson),* for Connecticut General Life Insurance Company.

Before: Cynar, P. J., and T. M. Burns and D. C. Riley, JJ.

Per Curiam. The present matter concerns a question that has not as yet been answered under the laws of this state; *i.e.,* is a suit by an employee against his employer and the employer's workmen's compensation carrier alleging that compensation benefits were intentionally and wrongfully terminated barred by the exclusive remedy provision of Michigan's Worker's Disability Compensation Act. MCL 418.131; MSA 17.237(131).

Plaintiff Edward Broaddus was employed by Ferndale Fastener on January 5, 1972, when he suffered a work-related injury to his back. At this time Ferndale Fastener carried workmen's compensation insurance with defendant Fireman's Fund and insurance from defendant Connecticut General covering its employees for non-work-related accidents and illness.

Plaintiff was paid workmen's compensation benefits from Fireman's Fund until July 2, 1973. Benefits were discontinued on that date on the basis of a medical report received by Fireman's Fund to the effect that plaintiff was able to resume light work. Plaintiff did not in fact return to work.

Plaintiff thereupon filed a workmen's compensation claim with Fireman's Fund to restore his benefits and also attempted to submit a claim against Connecticut General under the general accident and illness policy provisions.

Fireman's Fund answered the workmen's compensation claim by denying that plaintiff had suffered a work-related, compensable injury. The claim against Connecticut General was rejected, plaintiff alleges, because Ferndale Fastener informed Connecticut General that the injury was

work-related and therefore outside the provisions of their policy.

On December 17, 1973, Fireman's Fund renewed payment of compensation benefits, and paid benefits retroactively to July 2, 1973, in accordance with an out-of-court settlement of plaintiff's claim for workmen's compensation.

The present lawsuit was initiated on August 6, 1976. The complaint alleged that Ferndale Fastener and Fireman's Fund intentionally and wrongfully acted in collusion to deprive plaintiff of workmen's compensation benefits. It also alleged that Connecticut General intentionally and wrongfully failed to provide benefits as mandated by its contract. Plaintiff sought damages from all three defendants for pain and suffering due to lack of proper medical care, mental anguish, emotional hardship on his familial relationship, and permanent and total disability and loss of wages. Plaintiff's wife also asserted a claim for loss of consortium.

All three defendants filed motions for summary judgment. GCR 1963, 117. Ferndale Fastener and Fireman's Fund asserted that plaintiffs' claims were precluded under the exclusive remedy provision of the compensation law. Connecticut General asserted that it was under no contractual liability to pay benefits for plaintiffs' injuries. After a hearing on May 24, 1977, the trial court granted summary judgment for all defendants.

We can dispose of the summary judgment in favor of Connecticut General in quick order. A suit for intentional breach of an insurance contract requires, as should be obvious, that the contract in fact mandated benefits to be paid. *Kewin v Massachusetts Mutual Life Ins Co,* 79 Mich App 639; 263 NW2d 258 (1977). Plaintiffs' complaint alleged that

Mr. Broaddus' injury occurred in the course of his employment. The insurance contract of Connecticut General specifically excluded work-related injuries. Since there thus could be no breach of the contract, the summary judgment in favor of Connecticut General was proper.

The summary judgments granted in favor of Ferndale Fastener and Fireman's Fund present a significantly more complex issue. We must decide whether the exclusive remedy provision of MCL 418.131; MSA 17.237(131)[1] bars not only a personal injury suit against an employer but also an action for the intentional tort of acting in collusion to deny benefits for a compensable injury.

While we have found no Michigan case directly on point, we have found cases construing the effect of the exclusive remedy provision on causes of action that, as in the case at bar, seek damages for allegedly intentional acts which result in mental rather than physical suffering.

In *Moore v Federal Department Stores Inc*, 33 Mich App 556; 190 NW2d 262 (1971), plaintiff, a sales clerk at one of defendant's stores, alleged that she was falsely accused and imprisoned by her employer for failing to ring up sales. She brought an action for false imprisonment, seeking damages for humiliation, embarrassment, and nervous stress. The trial court granted summary

---

[1] The provision reads:

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract." MCL 418.131; MSA 17.237(131).

judgment for defendant on the grounds that plaintiff's sole remedy for the acts of her employer was the workmen's compensation act.

This Court reversed, holding that an action for false imprisonment does not seek recovery for an injury that is compensable under the act:

> "The Act has been interpreted to encompass physical and mental injuries which arise out of and in the course of one's employment. However, the gist of an action for false imprisonment is unlawful detention irrespective of any physical or mental harm. * * * We do not feel, therefore, that the plaintiff has suffered the type of personal injury covered under the Act." (Footnotes and citations omitted.) 33 Mich App at 559.

The *Moore* Court went on to hold that where the act does not provide a remedy for a particular injury there is no bar on bringing a common-law action seeking recovery outside of the act.

In *Milton v Oakland County,* 50 Mich App 279; 213 NW2d 250 (1973), the Court held that the exclusive remedy provision does not bar a suit brought by an employee against his employer for the employer's alleged wrongful discharge of the employee and failure to comply with a merit system under the employment contract. The *Milton* Court held, as did the Court in *Moore, supra,* that a common-law tort action may be maintained where the injury, here wrongful discharge, is not compensable under the act.

Recently this Court held that the exclusive remedy provision does not bar an employee's action for sexual discrimination. *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361; 258 NW2d 227 (1977). Although the *Stimson* Court held that particular damages sought in the action would be barred since the employee could get compensation

benefits for those damages, the suit itself was allowed to continue on the allegations of wrongful denial of promotions and wrongful discharge.

The basic claim raised by plaintiffs in the present action is, as was argued at the trial court hearing, that defendants intentionally caused plaintiffs' emotional distress by wrongfully denying benefits mandated by the workmen's compensation act. Defendants assert that plaintiffs were merely seeking to litigate the compensability of Mr. Broaddus' back injuries. While it is true that plaintiffs must prevail on a showing that the physical injuries were compensable prior to showing that defendants acted in collusion to deny those benefits, a subtle yet crucial distinction must be made clear. Plaintiffs are not seeking as damages in this lawsuit the compensation benefits they alleged were required to be paid from July 2, 1973, to December 17, 1973.[2] They are seeking, in part, separate damages for emotional distress caused by the alleged intentional and wrongful denial of these compensation benefits. It is the emotional and mental injuries which are the subject of the lawsuit, and which are claimed by plaintiffs to be not compensable under the act and thus actionable in a common-law tort suit.

In his treatise on workmen's compensation law, Professor Larson discusses the issue of whether an exclusive remedy provision bars a suit for intentional infliction of emotional distress. He states:

"If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recovery for physical

[2] These payments are already being paid as a result of the settlement of the workmen's compensation claim.

injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort." 2A Larson, Workmen's Compensation Law, § 68.34, pp 13.31–13.32.

Applying Larson's test to the present case, we conclude that the summary judgments granted to Ferndale Fastener and Fireman's Fund were improper.[3] The essence of the tort alleged, and the damage alleged, is nonphysical. This is not an action for mental damages incidentally resulting from an industrial injury. Were we to hold otherwise, employers and insurance companies could, with impunity, withhold benefits for undeniably compensable injuries until ordered to pay benefits by the workmen's compensation referee or appeal board. See *Martin v Travelers Ins Co,* 497 F2d 329 (CA 1, 1974). We do not find such a result to comport either with the intent of the act or with the public interest.

Accordingly, the summary judgments in favor of Ferndale Fastener and Fireman's Fund are reversed and the matter remanded to the trial court.[4] The summary judgment in favor of Connecticut General is affirmed. Costs to plaintiffs against Ferndale Fastener and Fireman's Fund and to Connecticut General.

---

[3] In reaching this conclusion we are not unaware that in at least one other jurisdiction, as cited by defendants, suits similar to the action below were found to be barred by an exclusive remedy provision. *See Escobedo v American Employees Ins Co,* 547 F2d 544 (CA 10, 1977), and *Chavez v Kennecott Copper Corp,* 547 F2d 541 (CA 10, 1977). We reject the invitation to follow these cases for two reasons: (1) New Mexico's workmen's compensation law differs substantially from Michigan's, and (2) in each case the out-of-court settlement on the compensation claim included a provision waiving all additional claims against the employer.

[4] On remand defendants are still free to challenge particular allegations of damages and requests for recovery raised by plaintiffs on the grounds that they are compensable under the act and thus barred by the exclusive remedy provision. *See Stimson v Michigan Bell Telephone Co,* 77 Mich App 361, 367–369; 258 NW2d 227 (1977).