BEAUREGARD v CLARKE-GRAVELY CORPORATION

Docket No. 58361. Submitted August 3, 1982, at Grand Rapids.—
Decided December 13, 1982.

On February 28, 1977, Robert Beauregard injured his right arm
and shoulder while working for Clarke-Gravely Corporation, his
employer. On September 11, 1978, Beauregard's physician told
him that he could return to work. Although he was ready and
willing to return, Clarke-Gravely did not permit him to return
to work until January 7, 1980. During this period, Beauregard
received workers' compensation benefits. Beauregard filed a
complaint against Clarke-Gravely in the Muskegon Circuit
Court, alleging that defendant's refusal to take him back to
work prior to January 7, 1980, constituted discrimination pro-
hibited by the Handicappers' Civil Rights Act and the Elliott-
Larsen Civil Rights Act. The court, James M. Graves, J.,
granted accelerated judgment for defendant, holding that plain-
tiff's action was barred by the exclusive remedy provision of the
Worker's Disability Compensation Act. Plaintiff appealed by
leave granted. *Held:*

Plaintiff alleged a unique, separate injury resulting from
unlawful employment discrimination. Plaintiff did not allege
employment discrimination culminating in disability. The dis-
ability preceded the alleged unlawful discrimination. The fact
that plaintiff has received disability benefits does not preclude
him from suing for this independent injury, nor does the fact
that plaintiff has received disability benefits for his physical
disability occurring on February 28, 1977, have any bearing on
whether defendant committed unlawful employment discrimi-
nation in refusing to return plaintiff to work prior to January
7, 1980.

Reversed and remanded.

CIVIL RIGHTS — WORKERS' COMPENSATION — EXCLUSIVE REMEDY.

An employee who has suffered a work-related injury is not barred
by the exclusive remedy provision of the Worker's Disability
Compensation Act from bringing suit against his employer

REFERENCE FOR POINTS IN HEADNOTE
15 Am Jur 2d, Civil Rights § 248.5.

alleging illegal discrimination in refusing to return him to work after his doctor has given him permission to return (MCL 418.131; MSA 17.237[131]).

*Norman C. Halblower, P.C.* (by *Norman C. Halblower*), for plaintiff.

*Landman, Luyendyk, Latimer, Clink & Robb* (by *Jon D. Vander Ploeg*), for defendant.

Before: V. J. BRENNAN, P.J., and D. E. HOLBROOK, JR., and J. ERNST,* JJ.

PER CURIAM. Plaintiff appeals by leave granted the April 4, 1981, order of the trial court granting accelerated judgment for defendant, pursuant to GCR 1963, 116.1(2), lack of jurisdiction of the subject matter. In an opinion dated March 12, 1981, the trial court found that plaintiff's claims under the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.,* and the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* were barred by the exclusive remedy provision of the Michigan Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131).

The facts are not complicated. On February 28, 1977, plaintiff injured his right arm and shoulder while working for defendant, his employer. On September 11, 1978, plaintiff's physician told plaintiff that he could return to work. Although plaintiff was ready and willing to return, defendant did not permit him to return to work until January 7, 1980. During this period, plaintiff received workers' compensation benefits.

On January 7, 1981, plaintiff filed a complaint alleging that defendant's refusal to take him back

* Circuit judge, sitting on the Court of Appeals by assignment.

to work prior to January 7, 1980, constituted discrimination prohibited by the Handicappers' Act and the Elliott-Larsen Act. Defendant's motion for accelerated judgment followed, alleging that plaintiff's exclusive remedy lay with the Bureau of Worker's Disability Compensation.

In his complaint, plaintiff sought damages pursuant to both of the civil rights acts cited above, particularly MCL 37.1605; MSA 3.550(605), and MCL 37.2801; MSA 3.548(801). Plaintiff requested lost wages in the amount of $15,476.80 and any raise which plaintiff would have received had he been working during his period of involuntary unemployment. In its opinion, the trial court concluded that the substance of plaintiff's complaint was a demand for lost wages arising from a work-related injury. In granting accelerated judgment, the trial court relied upon the case of *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361, 368; 258 NW2d 227 (1977), where the Court, quoting from Larson's treatise on Workmen's Compensation Law, stated:

" 'If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recovery for physical injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort.' 2A Larson, Workmen's Compensation Law, § 68.34, pp 13.31-13.32."

In this case, the trial court, guided by *Stimson's* language emphasizing the nature of damages claimed, ruled that plaintiff's prayer for lost wages merely camouflaged an attempt to secure double damages. We find that the trial court erred be-

cause *Stimson* did not squarely hold that the nature of damages requested alone controls the applicability of the exclusive remedy bar. In holding that disability benefits were the exclusive recourse of Mrs. Stimson, the panel emphasized that her mental injuries had *culminated* in a disabling condition for which compensation was available. Recovery for the nervous breakdown, embarrassment, humiliation, and loss of esteem was, therefore, barred by the exclusive remedy provision. However, the *Stimson* panel held that the plaintiff's discharge and inability to obtain wage promotion, if proven to have resulted from sex discrimination, were injuries for which the Worker's Disability Compensation Act provided no remedy and were, therefore, not barred.

*Stimson* was most recently discussed by another panel of this Court in *Pacheco v Clifton,* 109 Mich App 563; 311 NW2d 801 (1981). In that case, the plaintiffs, a husband and wife, had alleged discrimination on the basis of national origin under the now repealed Michigan fair employment practices act (FEPA), MCL 423.301 *et seq.;* MSA 17.458(1) *et seq.* The plaintiff husband alleged that he suffered psychological and emotional injuries, neurosis, and pain and suffering as a result of the employment discrimination. The trial court denied the defendants' motion for summary judgment, which had challenged the court's jurisdiction in light of the exclusive remedy provision. This Court affirmed the denial of summary judgment and held that damages resulting from employment discrimination, including humiliation, embarrassment and lost wages, are not barred by the exclusive remedy provision of the Worker's Disability Compensation Act even where the unlawful discrimination results in a mental injury for which compensation is

otherwise available under the act. Further, the Court stated:

"To the extent *Stimson* may be interpreted as holding that, when mental injuries arising from discrimination culminate in a physical disability claim (which is compensable under the WDCA), the prior claims for the mental suffering are 'merged' with the physical disability claim, we disagree. Such a result, we believe, is inconsistent with prior Michigan law in this area. * * * We can find no logic in holding that the bureau is the proper forum for recovering compensation when discriminatory employment tactics cause emotional injuries which culminate in disability but that the circuit court is the appropriate forum when the same discrimination conduct does not cause physical disability. In either case, the alleged *cause* of the injuries stemmed from the same source: intentional employment discrimination. This is the very conduct the FEPA was designed to protect against. It is *not* the type of conduct the WDCA was designed to protect against. To hold otherwise, would cancel two remedial statutes." (Emphasis in original.) 109 Mich App 575.

In addition, several federal cases have strictly construed *Stimson* to bar a separate employment discrimination suit only where mental injuries resulting from such discrimination culminate in physical disability. *Freeman v Kelvinator, Inc,* 469 F Supp 999 (ED Mich, 1979); *Moll v Parkside Livonia Credit Union,* 525 F Supp 786 (ED Mich, 1981).

On the basis of the above decisions, we reverse the order of the trial court granting accelerated judgment. Plaintiff alleged a unique, separate injury resulting from unlawful employment discrimination. Plaintiff has not alleged employment discrimination culminating in disability; rather, the disability preceded the alleged unlawful discrimination. The fact that plaintiff has received disabil-

ity benefits does not preclude him from suing for this independent injury nor does the fact that plaintiff has received disability benefits for his physical disability occurring on February 28, 1977, have any bearing on whether defendant committed unlawful employment discrimination in refusing to return plaintiff to work on September 11, 1978. Clearly, the two injuries are distinct. The Handicappers' Civil Rights Act was designed to redress the type of injury alleged in plaintiff's complaint. Section 202 of the act states in part:

"Sec. 202. (1) An employer shall not:

"(a) Fail or refuse to hire, recruit, or promote an individual because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position.

"(b) Discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position.

"(c) Limit, segregate, or classify an employee or applicant for employment in a way which deprives or tends to deprive an individual of employment opportunities or otherwise adversely affects the status of an employee because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position." MCL 37.1202; MSA 3.550(202).

The plaintiff must be physically and mentally able to perform his job efficiently to satisfy the act. Also, there must be a job available that he could perform, one for which he was specifically turned down because of the injury. These, of course, are matters of proof to be resolved in a factfinding process.

Reversed and remanded.