BORCHARDT-SPICER v GAF CORPORATION

Docket No. 67693. Submitted January 11, 1984, at Detroit.—Decided September 6, 1984.

Barbara Borchardt-Spicer sought workers' disability compensation benefits, alleging that she had become disabled by reason of emotional trauma suffered as a result of employment discrimination arising out of and in the course of her employment with G.A.F. Corporation. Thereafter, while the workers' compensation claim was pending, Barbara Borchardt-Spicer and Charles Spicer brought an action based on the same employment discrimination in Wayne Circuit Court, seeking damages and injunctive relief pursuant to the provisions of the Elliott-Larsen Civil Rights Act and naming G.A.F. Corporation and James Brown, Borchardt-Spicer's supervisor at G.A.F., as defendants. Defendants moved for accelerated judgment on the basis that the circuit court civil rights claims were barred by the exclusive remedy provisions of the Worker's Disability Compensation Act. The trial court, Michael L. Stacey, J., granted defendants' motion and dismissed plaintiffs' complaint. Plaintiffs appealed. *Held:*

1. Where acts of employment discrimination arising out of and in the course of an employee's employment result in a physical disability to the employee, claims for damages brought in circuit court pursuant to the Elliott-Larsen Civil Rights Act are barred by the exclusive remedy of the Worker's Disability Compensation Act to the extent that such claims seek damages which arise out of the claimed disability. The exclusive remedy provision, however, does not bar circuit court adjudication of claims which do not arise out of the compensable disability claim.

2. Plaintiffs' claims for damages for humiliation, mental distress, pain and suffering, inability to enjoy the pleasures of life and damage to reputation are not barred by the exclusive remedy provision. However, plaintiffs' claims for damages for hospitalization, incapacitation, disability and inability to work

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 15 Am Jur 2d, Civil Rights § 261.

81 Am Jur 2d, Workmen's Compensation § 50 *et seq.*

for long periods of time would be barred by the exclusive remedy provision if it were found that there was a compensable disability caused by employment discrimination which arose out of and in the course of plaintiff Borchardt-Spicer's employment.

3. The exclusive remedy provision does not bar the claim for injunctive relief.

4. Since there has already been a determination of a compensable disability and an initial award of workers' disability compensation benefits and the record is replete with allegations that plaintiff Borchardt-Spicer's injuries were inflicted in the course of her employment, there is no need to hold the circuit court proceedings in abeyance pending resolution of the workers' compensation proceedings.

Affirmed in part, reversed in part and remanded.

R. M. MAHER, J., concurred in the result only.

1. CIVIL RIGHTS — WORKERS' COMPENSATION — EXCLUSIVE REMEDY.

The exclusive remedy provision of the Worker's Disability Compensation Act bars an employee's claims for damages for unlawful employment discrimination brought in a circuit court action pursuant to the Elliott-Larsen Civil Rights Act only to the extent that the employment discrimination resulted in a physical disability which arose out of and in the course of the employee's employment and bars only those claims which arise out of the resulting physical disability; accordingly, an employee's claims in a civil rights action in circuit court which seek damages for hospitalization, incapacitation, disability or inability to work long periods of time are barred by the exclusive remedy provision where it is alleged that those damages arose out of employment discrimination, but claims for humiliation, mental distress, pain and suffering, inability to enjoy the pleasures of life and damages to reputation are not barred by the exclusive remedy provision, since such damages are not compensable under the Worker's Disability Compensation Act since they do not arise out of the compensable disability (MCL 37.2801, 418.131; MSA 3.548[801], 17.237[131]).

2. CIVIL RIGHTS — INJUNCTIVE RELIEF — WORKERS' COMPENSATION — EXCLUSIVE REMEDY.

A claim for injunctive relief brought under the Elliott-Larsen Civil Rights Act for employment discrimination is under no circumstances barred by the exclusive remedy provision of the Worker's Disability Compensation Act (MCL 37.2801, 418.131; MSA 3.548[801], 17.237[131]).

*Rosenbaum, Bloom, Appel & Moses* (by *Lawrence A. Meyerson),* for plaintiffs.

*Pepper, Hamilton & Scheetz* (by *Gary E. Murg, Russell J. Thomas, Jr.* and *Cindy Rhodes Victor),* for defendants.

Before: WAHLS, P.J., and R. M. MAHER and C. W. SIMON,* JJ.

PER CURIAM. This is an action pursuant to MCL 37.2801; MSA 3.548(801) to recover damages and obtain injunctive relief for sexual discrimination in employment. The circuit court granted accelerated judgment for defendants, holding that plaintiffs' claims were barred by the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131). Plaintiffs appeal as of right.

In *Stimson v Michigan Bell Telephone Co,* 77 Mich App 361, 369; 258 NW2d 227 (1977), the Court, resolving an analogous problem, held:

"Plaintiffs' complaint in the present case alleges a cause of action which generally concerns a type of injury outside the scope of the Worker's Disability Compensation Act. The mental injuries allegedly suffered by plaintiff, however, are not merely incidental to the violation of her civil rights. They culminated in a disabling condition for which compensation was available. Plaintiffs' ability to recover for Mrs. Stimson's nervous breakdown, embarrassment, humiliation and loss of esteem among her peers, therefore, is barred by MCLA 418.131; MSA 17.237(131). Plaintiff's discharge and her inability to obtain grade and wage promotions, however, if proven to have resulted from sexual discrimination, are injuries for which the act provides no remedy. With regard to these injuries, plaintiff is entitled to a trial on these merits." (Footnotes omitted.)

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In *Pacheco v Clifton,* 109 Mich App 563, 574-575; 311 NW2d 801 (1981), the Court explained *Stimson* and rejected in part the conclusion reached in the previous case:

"To the extent Mr. Pacheco suffered periods of physical disability, the WDCA is his exclusive remedy. *Stimson, supra.* * * * Further, we are of the opinion that those damages which allegedly resulted from the alleged unlawful discrimination by defendants, particularly those resulting from humiliation, embarrassment, loss of consortium, and lost wages, are compensable in circuit court and should not be barred by the exclusivity clause of WDCA. This is true not only of those injuries occurring *prior* to plaintiff's disability but also as to those occurring *after* his disability.

"To the extent *Stimson* may be interpreted as holding that, when mental injuries arising from discrimination culminate in a physical disability claim (which is compensable under the WDCA), the prior claims for the mental suffering are 'merged' with the physical disability claim, we disagree. Such a result, we believe, is inconsistent with prior Michigan law in this area. See *Moore [v Federal Department Stores, Inc,* 33 Mich App 556; 190 NW2d 262 (1971)], *Milton [v Oakland County,* 50 Mich App 273; 213 NW2d 250 (1973)]. We can find no logic in holding that the bureau is the proper forum for recovering compensation when discriminatory employment tactics cause emotional injuries which culminate in disability but that the circuit court is the appropriate forum when the same discriminatory conduct does not cause physical disability. In either case, the alleged *cause* of the injuries stemmed from the same source: intentional employment discrimination. This is the very conduct the FEPA was designed to protect against. It is *not* the type of conduct the WDCA was designed to protect against. To hold otherwise, would cancel two remedial statutes." (Emphasis in original.)

Subsequent cases that follow the *Pacheco* holding include *Slayton v Michigan Host, Inc,* 122 Mich App 411; 332 NW2d 498 (1983), and *Beaure-*

*gard v Clarke-Gravely Corp,* 131 Mich App 559; 346 NW2d 48 (1982). See also *Freeman v Kelvinator, Inc,* 469 F Supp 999 (ED Mich, 1979), and *Moll v Parkside Livonia Credit Union,* 525 F Supp 786 (ED Mich, 1981).

We note that the *Pacheco* Court's reference to "lost wages" as one category of damages compensable in circuit court should not be understood as permitting recovery of wages lost due to physical disability. Wages lost due to physical disability are compensable under the WDCA. See MCL 418.301; MSA 17.237(301). In *Pacheco,* plaintiff had allegedly lost wages as the result of a discriminatory discharge as well as through physical disability caused by discrimination. 109 Mich App 566.

We adopt and apply the *Pacheco* rule here. Plaintiffs' complaint alleges the following damages:

"a. Severe emotional, and psychological damage, which has required prolonged hospitalization and extensive and expensive medical treatment and attendance and by reason of the nature of this injury, plaintiff continues to incur such liabilities and will continue to do so in the future and for a long time to come.

"b. Great humiliation, mental distress, pain and suffering, and by reason of the nature of these injuries, plaintiff continues to undergo such humiliation, mental distress, pain and suffering, and will continue to experience same in the future and for a long time to come.

"c. Incapacitation and disablement from performing her customary household duties and by reason of the nature of her injuries will be so further incapacitated and disabled in the future, necessitating the continuation of the engagement of such other person to perform same.

"d. An inability to enjoy the pleasures of life as she was able to do formerly, and by reason of the nature of her injuries, she will continue to forego such pleasures of life in the future and for a long time to come.

"e. An inability to work for prolonged periods of time, causing her to suffer a loss of wages, promotions, salary increases, commissions, bonuses, and other economic benefits, and by the reason of the nature of her injuries, continues to be unable to obtain and maintain gainful employment and continues to suffer such economic loss and will continue to so suffer in the future and for a long time to come.

"f. Damage to her reputation."

Assuming that these damages arose out of and in the course of plaintiff Borchardt-Spicer's employment, it is apparent that the damages listed under sub-headings (b), (d), and (f) are compensable in circuit court under the *Pacheco* rule, while workers' compensation is plaintiffs' exclusive remedy for the damages listed under sub-headings (a), (c), and (e). We note that under no circumstances is a claim for injunctive relief from discrimination barred by the workers' compensation exclusive remedy provision. We further note that plaintiff Borchardt-Spicer could recover all the damages alleged against her co-employee Brown pursuant to MCL 418.827; MSA 17.237(827), despite the availability of workers' compensation, if Brown was not acting in the course of his employment at the time he inflicted the injuries. See, for example, *Johnson v Arby's, Inc,* 116 Mich App 425, 433; 323 NW2d 427 (1982). However, although plaintiffs joined Brown as a defendant, the relief requested in plaintiffs' complaint does not include recovery of damages against Brown, and the complaint expressly alleged that Brown was acting in the course of his employment when he inflicted the injuries.

Whether an injury arose out of and in the course of plaintiff Borchardt-Spicer's employment is a question which the Bureau of Workers' Compensation has exclusive jurisdiction to decide.

*Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976); *Sewell v Clearing Machine Corp,* 419 Mich 56; 347 NW2d 447 (1984); *Herman v Theis,* 10 Mich App 684; 160 NW2d 365 (1968). This Court has on several occasions required that a circuit court action be held in abeyance pending resolution of questions which the bureau had exclusive jurisdiction to decide. *Bednarski v General Motors Corp,* 88 Mich App 482, 486-487; 276 NW2d 624 (1979); *Dixon v Sype,* 92 Mich App 144, 150; 284 NW2d 514 (1979); *Buschbacher v Great Lakes Steel Corp,* 114 Mich App 833, 838-839; 319 NW2d 691 (1982); *Johnson v Arby's, Inc, supra,* pp 431-432; *Houghtaling v Chapman,* 119 Mich App 828, 832; 327 NW2d 375 (1982); *Genson v Bofors-Lakeway, Inc,* 122 Mich App 470, 480-481; 332 NW2d 507 (1983). However, in *Pacheco, supra,* p 575, the Court concluded that such a remedy was unnecessary under the circumstances presented.

Here, plaintiffs inform us that plaintiff Borchardt-Spicer has obtained an initial award of compensation from the bureau, although appeals are still pending. The complaint here contains repeated express allegations that plaintiff Borchardt-Spicer's injuries were inflicted upon her during the course of her employment. We conclude that such allegations obviate the need for the circuit court action to be held in abeyance pending resolution of the compensation proceedings.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.

R. M. Maher, J. concurred in the result only.