762 F.2d 1005
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STANLEY R. BEAN, PLAINTIFF-APPELLANT,
v.
BIC PEN CORPORATION, A FOREIGN CORPORATION, DEFENDANT-APPELLEE.
 NO. 82-1327
 United States Court of Appeals, Sixth Circuit.
 3/12/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; MERRITT, Circuit Judge, and HOLSCHUH*, District Judge.
 LIVELY, Chief Judge.
 
 
 1
 This diversity action is controlled by the usbstantive law of Michigan. The plaintiff alleged in his complaint that, after suffering two heart attacks resulting from stresses of his employment and developing painful angina which signaled a possible third heart attack, he was forced by the defendant to take disability retirement. The plaintiff claimed that the defendant's action violated the Michigan Handicappers' Civil Rights Act, Mich. Comp. Laws Sec. 37.1101 et seq., (handicappers' act) by failing to accommodate his heat condition. See Wardlow v. Great Lakes Express Co., 128 Mich. App. 54 (1983).
 
 
 2
 The handicappers' act forbids employment discrimination against handicapped individuals and creates a civil right of action for violations of its provisions. The plaintiff sought damages and reinstatement to the last position he held with defendant. The complaint contained a second claim for breach of contract. This claim was based on an alleged oral contract by which a Bic executive agreed to give the plaintiff a new position with less strenuous travel requirements and less stress than were associated with his last position. The new position was offered and accepted after the plaintiff's second heart attack. The plaintiff alleged that the defendant then changed the terms of the position to require extensive travel. When this travel caused him to develop angina, according to the plaintiff, he was required to take disability or suffer termination.
 
 
 3
 Though the plaintiff applied for and received disability benefits under an insured plan of the defendant and under the Social Security Act, he has not applied for benefits under the Michigan Worker's Disability Compensation Act, Mich. Comp. Laws Sec. 418.101 et seq., (workers' compensation act). Nevertheless, the defendant filed a motion for summary judgment on the ground that the workers' compensation act provided the exclusive remedy for work related injuries. Section 131 of the workers' compensation act provides:
 
 
 4
 The right to the recovery of . . . benefits as provided in this act shall be the employee's exclusive remedy against the employer.
 
 
 5
 Mich. Comp. Laws Sec. 418.131 (West Supp. 1984).
 
 
 6
 The district court agreed with the defendant that the plaintiff's only remedy was a claim under the workers' compensation act, and granted summary judgment. The district court also found that the claim for breach of contract was based on the same facts and circumstances as the claim under the handicappers' act and dismissed that claim as well. In concluding that the remedy under the workers' compensation act was exclusive the district court relied primarily upon the decision of the Michigan intermediate appellate court in Stimson v. Bell Telephone Co., 77 Mich. App. 361 (1977).
 
 
 7
 Following the entry of summary judgment the plaintiff filed a motion for reconsideration. In a supporting brief the plaintiff cited Pacheco v. Clifton, 109 Mich. App. 563 (1981), in which the appellate court refused to apply Stimson to a claim by an employee for damages based on mental anguish and disabling hypertension arising from alleged discrimination by his employer on the basis of national origin. The district court concluded that Pacheco did not undermine the authority of Stimson because the Pacheco court permitted recovery under a Michigan civil rights act for emotional injuries which occurred before or after the plaintiff's physical disability, but agreed with Stimson that the workers' compensation act provided the exclusive remedy during the period of physical disability.
 
 
 8
 This appeal was argued on October 25, 1983. Counsel informed the court at that time that the Supreme Court of Michigan had granted review of Pacheco. At the suggestion of plaintiff's counsel, this panel agreed to wait until the Michigan court rendered a decision in Pacheco before deciding the present appeal. The Supreme Court of Michigan filed its decision in Pacheco and a consolidated case, Boscaglia v. Michigan Bell Telephone Co., on December 28, 1984.
 
 
 9
 The Michigan Supreme Court stated the issue in the consolidated cases as follows: 'The principal question is whether the exclusive remedy provision of the workers' compensation act bars an action seeking recovery for physical, mental or emotional injury resulting from an employer's violation of the fair employment practices act (FEPA) or the Michigan civil rights act.' (footnotes omitted). Pacheco v. Clifton, (Slip Op. at 1). The court determined that the exclusive remedy provision does not apply since the civil rights laws and the workers' compensation act are aimed at 'different evils.' The workers' compensation act 'guards against victims of industrial injuries 'being turned away empty handed' and 'unrecompensed' as a result of common-law tort doctrines such as contributory negligence . . ..' But '[t]he civil rights acts are addressed to 'the prejudices and biases' one race, sex or religion bears against another.' Id. at 4. The Michigan Supreme Court concluded that the legislature did not intend for the objectives of the civil rights acts--to provide compensation for physical, mental or emotional injury resulting from discrimination--to be defeated by a provision of the workers' compensation act which provides an assured remedy for traditional industrial injuries. In deciding Pacheco the court rjected the distinctions drawn in Stimson (the case relied on by the district court in granting summary judgment in the present case) between disabling and non-disabling injuries.
 
 
 10
 We believe the Michigan Supreme Court would treat the handcappers' act in the same manner as the FEPA and civil rights act. Its purpose is similar to that of the FEPA and civil rights act--to provide a remedy for discrimination in the workplace. The defendant questions whether Bean's injury was a traditional industrial injury or a discrimination injury. In arguing that Pacheco is not controlling, the defendant contends that the acts complained of by the plaintiff bear no relationship to bias, prejudice or similar attitudes which the civil rights laws address. Instead, the defendant asserts, the plaintiff suffered a traditional industrial injury when he had two heart attacks brought on by the stress of his work. The fact that the parties disagreed on the amount of travel the plaintiff could tolerate did not convert an industrial injury into a discrimination injury. This line of argument does not really address the question before this court, which is whether the district court correctly granted summary judgment on the basis of the exclusive remedy provision of the workers' compensation act. Rather, it appears to claim that its actions toward the plaintiff did not involve a violation of the handicappers' act. That question is not before us, since the district court assumed there had been a violation of the handicappers' act in making its summary judgment ruling.
 
 
 11
 The rationale of the Michigan Supreme Court in Pacheco appears fully applicable to the present case. The exclusive remedy provision of the workers' compensation act serves a discrete purpose of that act. It has no applicability to an action brought against an employer pursuant to civil rights laws including the handicappers' act. Pacheco makes this distinction quite clearly and provides controlling authority in this case.
 
 
 12
 The judgment of the district court is reversed, and the cause is remanded for further proceedings.
 
 
 
 *
 The Honorable John D. Holschuh, Judge, United States District Court for the Southern District of Ohio, sitting by designation